THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

ALFREDO PIZARRO-FRANCO
      Petitioner

v.

THE UNITED STATES
OF AMERICA
      Respondent

Dkt. No. 97CR072-09(SEC)

[ Casellas, J.]

" A post-Booker, Mixed Drug Case Crack Cocaine Modification Motion"

      COMES NOW, the above cited Movant and Petitioner in the case as captioned and MOST RESPECTFULLY approaches his court of original sentence in the interest of study and consideration in the form of potential time credit benefit as to his case and the presence of "crack cocaine" therein. All as presented via and as pursuant to effective changes in U.S. Sentencing Guidelines § 1B1.10(c) applications, and as following rulings regarding the cases of Gall v. US, 586, 591(2007) and Kimbrough v. US, 128 S. Ct. 558, 566-69 (2007) and other concepts arising. Petitioner does so for presentation to THE HONORABLE USDC Judge Salvador E. Casellas in the interest of possibly receiving a reduction in the term of his federal imprisonment. Said Petition is presented pursuant to Haines v. Kerner, 404 US 519, 520 92 S. Ct. 594, 30 L. Ed. 652 and Antonelli v. Sheahan,

-1-

81 F. 3d. 1422, 1427 (7th Cir. 1996) among other case laws arrays. Modification of sentence is hereby petitioned for good cause and reason and is so presented in good faith before this court.

In essence and regardless of the sentence affixed to those petitioners applying, and as decided December 10, 2007 judicial discretion, as later case law emphasized (See: US v. Martin, US 1st Circuit 06-1983 2008 App. Lexis 5906; Decided March 21, 08) can and may be applied to cases which contain crack as the illegal substance prosecuted for. Here, two(2) levels or more can be effectively credited and or removed from the offenders' calculatable sentence parameters, lowering the obligations associated of prison time for reason. Amendment USSG § 1B1.10(c) went into effect on Nov. 1, 2007 with subsequent "retroactivity" granted on December 3, 2007. March 3rd of 2008 was set as the net effective date for the intiation of filing in this matter; overall for all applicants. The herein Movant then has complied with these requirements. [And as valid with the revamping of the Drug Quantity Table 201.1(c) in association]

All sentences for crack as the substance involved are subject to review and possible credit to include mandatory minimum and Career Offender calculated terms. (See: Federal Defenders and CJA Panel members MEMO dated Jan. 2, 2008; Sections: III-A, Pg. 16 and III-C, Pg. 18: to include possible more than two(2) levels in reduction granted, etc.) So approaches the instant Petitioner Pizarro-Franco. Petitioner's case is ripe for re-examination and since his time of original incarceration much has transpired as to his person and situation falling under § 3553 considerations.

Toward the aforementioned credit consideration due to those disparities in minority-based, federal drug crime sentencing and the prejudice that it has represented; the herein PETITIONER HEREBY AVERS THE BELOW AND TO FOLLOW:

As to the instant case at Bar which was originally composed of a multi-count indictment instrument, COUNT II thereof was the sentencing vehicle to which the Petitioner was assigned in finality. Here and for conduct as alleged taking place between Aug. 1, 1990 to and include; April 10, 1997 for the sales and distribution of crack cocaine [i.e. Violations of C-II 21 USC § 846 "Conspiracy To Distrib. In Excess Of Five(5) Kilos Of heroin And In Excess Of Five(5) Kilos Of Crack Cocaine (Base) and In Excess Of 100 Kilos Of Marijuana, A Class "A" Felony] (And With Count-I Dismissed) in Puerto Rico. Sentencing date for the aforementioned activity as pled to took place on July 27, 2001. Here, a mandatory minimum term of 10 years is active and with the resulting sentence exceeding same to be set at 235 months with 5 years of Supervised Release. In addition with a $100.00 assessment fee as was satisfied while the Petitioner was in the federal system, without incident. The instant case represents a "mixed drug substance case" as per Pg. 17 Section III Part B of the 1/2/08 MEMO (Pg. 2, Parag. 2 Herein) With Amendment(s) [And § 2D1.1] §§ 1B1.10(c) NOT BEING MANDATORY post-_Booker_ and _Kimbrough_, _Supra_. and where if they are treated as such, this would be a violation of § 3582(c)(2) principles; requiring a court to impose a new sentence as based on facts that were initially found in violation of the U.S. Sixth Amendment would import that

very same Sixth Amendment violation in any new sentence granted. This is significant in that albeit by plea in the Petitioner's case, he was enhanced via those 21 USC § 846 offenses wherein USSG 2D1.1 (d)(1) provided for that if a victim was killed under circumstances that constitute murder as per Title 18 USC 111, a cross-reference is then to be made to apply USSG § 2A1.1 which by virtue of this procedure, affixes a Base Offense Level (BOL) of Forty-Three (43) to said infraction alleged or prosecuted. Thereby dramatcally enlarging the Petitioner's effective sentence time. Moreover, and as attested to by Bureau Of Prison and other security ratings parameters; the Petitioner does not have applied to his person, a true "public safety factor" in that his offense's character led to the death of an involved thereto individual(s) and not a member of the public at large per se. This is significant in that it then allows for judicial discretion in present § 3582 goal-senses for His Honor.*

Multi-Drug cases as is the instant matter post-Nov. 1, 07 often lead to the manifestation of certain related anomolies which upon examination, and only due to other drugs prosecuted, do indeed have the effect of lowering the applicant's assigned guideline range. The defendant as was the Petitioner Pizarro-Franco was originally sentenced to a term of imprisonment that was "based on" a sentence range that has otherwise and subsequently, been lowered. This, being separate from the "death occuring" provision under § 2A1.1 for the maximum BOL points available. Hence, and exclusive of § 2A1.1, the court should consider the purposes and factors as set forth in § 3553(a); and consider reasoning for granting the Petitioner at least a two-level reduction.

* And wherein 2A1.1 was not jury (or indictment) decided or featured

The instant Petitioner, prior to his involvement in the instant case had NO prior criminal history and his crime adjudicated in the federal system constituted his first and only transgression with the law. However unfortunate resulting in the death of a co-participant or other individual, not a member of the general public, the Petitioner's illegal - activities were accounted for in sentence form with the death ensuing being an anomoly in and of itself.

While incarcerated and following the trauma of such a lengthy sentence as was rendered to the Petitioner for the aforementioned, Petitioner's incarcerative record is not totally unremarkable, yet not significant for prevention for consideration under crack law prescribed changes, etc. Here, Petitioner has admittedly and wrongfully been party to altercation and for the smoking of marijuana. This is explained by his high level of anxiety while incarcerated and by his being immersed with little English language skills or mainland american cultural assimilation abilities while imprisoned. Native to Puerto Rico and processed by her courts, the Petitioner has by phases or time and periods suffered from depression and bouts of frustration as the product of his condition.

These feelings as elaborated upon above are and have been motivated and aggravated by the familial facts which have come to bear upon the Petitioner's person over time. In this sense, the Petitioner has 4 living brothers(originally having been five, with the fifth killed under tragic circumstances) and a caring parental set of mother and father and others at home. While no great health care or economic problems have plagued this family unit, the experience of the Petitioner's far-away separation from his family in Puerto

Rico has indeed strained relations with same, negatively having effected the emotional health of Petitioner in remarkable form. Additionally, Petitioner has great concern for his aging, blind grandfather...and others at home, awaiting his return some day. The two fights which Petitioner was disciplined for in prison (as well as the use; recreational and sedative-wise of marijuana for that matter) have occured at or near these aforementioned periods of depression and or concern as noted and explained. They are not indicative of any social of true disciplinary affectation of the Petitioner himself, much less the product of an innately violent or problematic inherent character, of same, etc.

    While incarcerated, Petitioner also studied and completed English As A Second Language Class with much effort, as well as exercise and exercise instructional classes/certificates, as physical activity has also been therapuetic for his frustration with such a lenghty sentence and familial separation in forced form. Moreover, it should be duly noted that an immense number of bad people, and those who suffer from bonafide mental disorders inhabit our nation's prison systems and that the Petitioner can not help but meet with them often under also forced or hostile, prison environment to be understood as endemic conditions. The Petitioner is not unique to his coincidental incidents in disciplinary form either. Petitioner is a young male hispanic, non-deportable in status. The prison system sports many such profiled individuals, often in conflict with one another due to over-crowding and alike conditions. FCI Schuylkill, or Petitioner's site of custody is very over-crowded, often lumping inmates in small shared living areas less than 50 sq. ft. per person in violation of ACA regulations.

## Background: Crack Cocaine Amendment 706

**WITH APPARENT** racially related sentencing disparity for "crack cocaine" offenses as when compared to similar quantities of powder form cocaine, citing approximately 82 % of crack defendants as being black as opposed to 9 % [1995-2006 Via Table 34 And Table 38 In The Year 2005] white and with 14 % of black defendants being sentenced for powder cocaine alone as the backdrop, The U.S. Sentencing Commission recently addressed this injustice in prison term ratios as was complimented by U.S. Supreme Court study and ruling(s) in regards to these and other related issues. Actions in their totality and net effect which have had the most significant impact on crack cocaine cases since the year 1986. Pizarro-Franco seeks the same for his sentence in consideration.

**IN RESPONSE TO THIS**, on May 1, 2007, The U.S. Sentencing Commission proposed an Amendment to The U.S. Sentencing Guidelines in order to reduce sentence ranges for crack cocaine offenses. This Amendment went into effect on Nov. 1, 2007, and "retroactivity" for the presentation(s) of those cases beyond Direct Appeal (or as to be sentenced) was granted on Dec. 11, 2007 as complimentary.

**ALL THOSE** crack cocaine case defendants to include the instant Petitioner and Movant, who were sentenced <u>before</u> the above dates have been permitted to reapproach the courts to potentially re-calculate their individual, corresponding sentences using a new and lower sentence range. All as added to the list

of Amendments as found in § 1 B 1.10(c) of the Guidelines themselves. Potential average sentence reductions of between 16-27 months or more, for those applying offenders are anticipated upon District Court, judicial discretion, post-filings. An effect which would attempt to equilibrate the heretofor overstatement of the seriousness of crack cocaine offenses in the interest of fairness. Also to merit consideration for Petitioner's _mixed_ case.

     **WHEREAS** only the original Sentencing Judge and Court in these matters can determine the scope of any such individual reduction; the herein noted Movant approaches This Court while also presenting those facts of additional, unrelated and related merit. This, as related to his very person alone and as would most uniquely demonstrate to This Court, his worthiness for re-sentencing reduction in compliment to those changes in §1 B 1.10(c) of The U.S.S.G. and the to be revised 100-1 drug ratio between crack cocaine and powder cocaine, as compelling. [Also See: U.S. Sent. Commission Amendments to the U.S.S.G., 66 (May 11, 2007) The Hon. Ricardo H. Hinojosa, Chair] [U.S.S.G. Comm. Reports To The U.S. Congress; "Cocaine And Federal Sentencing Policy" (Feb. 1995; May 2007); Analysis Of Crack Cocaine Amendment If Made Retroactive, 23 (Oct. 3, 2007) § 1 B 1.10(c) Commentary] This, as endorsed by The Crim. Law Comm. Of The U.S. Judicial Conference.

     **THE HEREIN PETITIONER**, thereby and toward this same end; FILES this Title 18 U.S.C. § 3582(c) Motion as the "approved", _streamline_ and suggested vehicle for remedy and relief as per additional departures included from previously adjusted sentences in also "departed" form(s) upon the _new_ Guidelines in effect and being as also referred from

The Defenders' Association endorsement(s) and "Sands" Letter recomendation(s). [As In Letter From Jon M. Sands To The Hon. R. Hinojosa; 7 (Nov. 1, 2007) i.e. "The Sands Letter" at Page 8] The Petitioner respectfully requests relief at the sound discretion of THIS COURT for a reduction in term of his federal imprisonment as may be appropriate for him as a qualified defendant and now applicant. It is undisputed that the Movant is or could be eligible at some future time for review and modification in this matter, as it pertains to "crack cocaine" sentence adjudication(s).

      **BASED UPON THIS FRAMEWORK**, and supplied data as to the instant Petitioner to be entertained, the Movant respectfully submits that This Honorable Court should **VACATE** his sentence and re-sentence him to remedy the previously prejudicial and exaggerated "crack cocaine", Base-Level increasing standards.

      **AS A GENERAL RULE**, in re-sentencing a defendant via the use of Title 18 U.S.C. 3582(c) Motions and or Petitions; the Sentencing Court itself <u>must apply</u> the U.S.S. Guidelines in effect at the time of sentencing event. [18 U.S.C. § 3553(a)(4) ; § 1B1.11(a) of 1993] [ <u>See Also</u>: <u>U.S. v. Menon</u>, 24 F. 3d. 530, 566 (U.S. 3rd Circuit Ct. 1994) and <u>U.S. v. Kopp</u>, 951 F. 2d. 521, 526 (U.S. 3rd Circuit Ct. 1991) ] ( i.e. 18 USC 3582(c)(2))

      **HERETOFOR** with the above parameters defined by <u>US v. Booker</u>, 125 S. Ct. 738, 2005 WL 50108 (1/12/05); <u>US v. Ameline</u>, ___F3d.___ WL ___U.S. App. Lexis 2032 (9th Cir. Feb. 9, 2005) and <u>US v. Myers</u>, 2005 WL 165314 (S.D. Iowa 2005) as well as by 18 U.S.C. §§ 3553(a)(1); 3555(a) and 3661; case law and practice dictate that a variety of

diverse factors factros which must and should be considered in the fashioning of a sentence or re-sentence in and if itself. For this exact purpose in the instant case, Petitioner has made an effort in the interest of both justice and judicial economy to highlight what he believes to be the saliant qualifying points for retroactive crack law readjustment  This data as included has shown both the technical legal merit for credits and the personal side of the applicant himself. All as streesing the need for re-sentencing to reflect the substance driven seriousness of the offense and respect for the rule of law. Adjunct to the above, the also embasized need for the protection of the public by virtue of any decision thereto, while permitting for the motivation and availability of the Petitioner to reintegrate into society at an earlier date and take advantage of those rehabilitative, occupational or vocational and educational opportunites that much earlier. A lawful future as hastened in small part by any crack consideration under § 3582 itself. Any new sentence as rendered would then better represent the net and true sentence as befitting the Petitioner's offense and his past criminal conduct associated when compared to Amendment No. 706.

Judicial discretion in its now permitted truest form as fully supported by Cunningham_v._Calif., Slip. Op. No. 05-6551 (1/22/07 at 12); Rita_v._US, 127 S. Ct. 2456, 2648 (2007); Kimbrough_v._US, 128 S. Ct. 558, 575 (2007); Gall_v._US, 128 S. Ct. 586, 594 n.2 (2007) and Martin_v._US, US 1st Cir. 06-1983 2008 App. Lexis 5906 March 21, 2008 decided AS_WELL_AS US_v._Atehortua, 69 F. 3d. at 685; citing US_v._Duso, 42 F. 3d. 365 (6th Cir. 1994) WHEREIN all factors relevant to case and defendant come into play.

## Conclusion

With the preceeding exposition profiling the Petitioner's past involvement with "crack cocaine" in detail and as to good-faith merit for re-examination of his case, and for the FOREGOING array of reasons, individually, the herein Movant respectfully requests that THIS MOST HONORABLE COURT and HIS HONOR **VACATE** his previously recorded sentence and re-sentence him according to the information provided here, and as per the existing record in this matter for the case ascaptioned. This, for the benefit of Amendment 706 containing USSG § 1B1.1(c) and to the effect, fully of the departures available. Here, with the difference in the Guideline Range, for and toward the bottom of the newly calculated Guideline Range if granted in relief, etc. It is also filed with full knowledge as to the adjusted 43 Level of the crime itself as was decided, and with it being an "enhanced" calculation as court affixed alone; providing post-<u>Booker</u> for the permitted reconsideration of the Petitioner's mixed drug case while suspending or discounting the net effect that this adjustment of 43 might have over the present levels for the controlled substances involved in the case originally; thereby perhaps mitigating this 43 figure in the end.

Dated: 5/31, 2008
And assubmitted as pursuant to
Title 28 USC § 1746

Most Respectfully Submitted,
*Alfredo Pizarro Franco*
Alfredo Pizarro-Franco, Pro-Se
Petitioner/Movant
REG# 18903-069   FCI SCHUYLKILL
POB 759 Minersville, Pa. 17954

## Certificate Of Service

I, __ALFREDO PIZARRO-FRANCO, PRO-SE the Petitioner and Movant for re-sentencing via "Motion/Petition Under Title 18 USC § 3582(c) For Modification Of term Of Imprisonment" for "crack cocaine offenses" HEREBY SWEAR TO AND AFFIRM that I have sent a true and correct copy of the foregoing Motion/Petition to the below noted parties; postage pre-paid, via U.S. First-Class Mail and as pursuant to Title 28 USC § 1746 parameters :

IN RETROACTIVE PERMISSIBLE FORM:

| HIS HONOR Salvador E. Casellas, USDC J | Jacabed Rodriguez-Coss, Esq. |
| --- | --- |
| Clerk Of Court | AUSA For The D. Of P.R. |
| U.S. District Court For | US ATTYS OFC FOR |
| The District Of Puerto Rico | THE USDC For Puerto Rico |
| Frederico Degetau Fed. Bldg. | Room 452 |
| 150 Carlos Chardon Ave. | 150 Carlos Chardon Ave. |
| [Hato Rey] San Juan, Puerto Rico 00918-1767 | [Hato Rey] San Juan, Puerto Rico 00918 |

Respectfully Submitted,

Dated: 5/31, 2008

*Alfredo Pizarro-Franco*, Pro-Se
REG# 18903-069
FCI Schuylkill POB 759
Minersville, Pa. 17954